UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

PAULA HAMAOUI,

        Plaintiff,
vs.

SELECT PORTFOLIO SERVICING, INC.,

        Defendant.

_____/

**COMPLAINT**

**COMES NOW,** the Plaintiff, PAULA HAMAOUI, by and through undersigned counsel, and brings this action against the Defendant, SELECT PORTFOLIO SERVICING, INC.. ("SPS"), and as grounds thereof would allege as follows:

**INTRODUCTION**

1. This is an action brought by a consumer for Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and Florida Statutes §§ 559.55-559.785, known more commonly as the "Florida Consumer Collection Practices Act" ("FCCPA").

2. The FDCPA and FCCPA prevent debt collectors and persons, respectively, from engaging in abusive, deceptive, and unfair collection practices.

**JURISDICTION**

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

4. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

5. Under 28 U.S.C. § 1367(a), this court has supplemental jurisdiction over Plaintiff's state law FCCPA claim in that it is so related to the federal FDCPA claims that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue in this District is proper because Plaintiff resides in Broward County, Florida, and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

## PARTIES

7. At all times material hereto, Defendant, SPS was and is a corporation who primary function is to service mortgage loans.

8. At all times relevant to this Complaint, SPS, was and is a "person" as said term is defined under Florida Statute §1.01(3), and is subject to the provisions of Fla. Stat. § 559.72 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. § 559.55(6).

9. At all times relevant to this Complaint, SPS, regularly collects or attempts to collect debts for other parties and is a "debt collector" as said term is defined under 15 U.S.C. §1692a(6) and Florida Statute §559.55(7).

10. At all times relevant to this Complaint, SPS regularly uses the mail and telephone in a business for the purpose of collecting consumer debts.

11. At all times relevant to this Complaint, SPS was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

12. Upon information and belief, the primary function of SPS's business is to collect payment on mortgage accounts owned by other entities.

13. Upon information and belief, SPS was hired to collect the disputed debt.

14. The debt that SPS sought to collect from Plaintiff is an alleged debt arising from transactions entered into primarily for personal, family or household purposes.

15. At all times relevant to this Complaint, Plaintiff, was and is a natural person, and a "consumer" as that term is defined by 15 U.S.C. 1692(a)(3) and Florida Statutes §559.55(2), and/or a person with standing to bring a claim under the FDCPA and FCCPA by virtue of being directly affected by violations of the Acts.

16. At all times material hereto, the debt in question was a "debt" as said term is defined under 15 U.S.C. §1692a(5) and Florida Statute §559.55(1).

## BACKGROUND AND GENERAL ALLEGATIONS

17. On or about September 21, 2012, a mortgage foreclosure action was filed in the circuit court of Miami-Dade County, Florida against PAULA HAMAOUI bearing case # 2012-037602-CA-01.

18. The Plaintiff in the foreclosure action was HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF THE DEUTSCHE ALT-A SECURITIES MORTGAGE LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-AR2 (hereafter "HSBC").

19. On or about March 17, 2016, PAULA HAMAOUI and HSBC entered in a settlement agreement whereby PAULA HAMAOUI would consent to a freclosure judgment in exchange for a waiver of HSBC's right to pursue a deficiency judgment. A copy of the settlement agreement is attached hereto as Exhibit "A".

20. PAULA HAMAOUI was relieved to know that this dark chapter of her life was over and she could finally start to move forward with her life, including putting the mortgage debt and potential for a deficiency judgment behind her.

21. On or about March 17, 2016, the circuit court entered a final judgment of foreclosure pursuant to the parties settlement agreement. A copy of the foreclosure judgment is attached hereto as Exhibit "B".

22. As a result of the final judgemnt of foreclosure, the note and mortgage were merged into the final judgment.

23. On or about December 10, 2020, SPS mailed PAULA HAMAOUI a document entitlted "Validation of Debt Notice" wherein SPS alleged that it was collecting a mortgage loan debt on behalf of "U.S. Bank Trust National Association, as trustee, for MEB Loan Trust II, the ivestor who currently owns your mortgage loan." A copy of this notice is attached hereto as Exhibit "C".

24. In this notice, SPS attempted to collect and debt not owed and stated that PAULA HAMAOUI was indebted to the loan owner in the amount of $149,370.64.

25. In that notice, SPS stated the total amount due of $149,370.64 is comprised of the following:

| | |
|---|---|
| Unpaid Principal Balance | $120,589.13 |
| Interest | $21,597.52 |
| Corporate Advances | $69.91 |
| Late Charges | $2,978.60 |
| Escrow Advance | $4,135.48 |
| Total: | $149,370.64 |

26. These amounts are not due and owing on the mortgage loan in that HSBC waived the right to pursue a deficiency judgment.

27. Further, given that there is no money due under the loan, the charges for interest, corporate advances, late charges and escrow advances are also not due.

28. Further, SPS lacks a reasonable basis to charge any of these amounts in that the mortgage and not were merged into the final judgment and the final judgment does not provide for

the imposition of any of the aforementioned charges.

29.     On or about December 15, 2020, SPS mailed PAULA HAMAOUI a mortgage statement wherein it sought to collect an amount not due. A copy of that mortgage statement is attached hereto as Exhibit "D".

30.     In that mortgage statement, SPS alleged and sought to collect a regular monthly payment, which is not owed.

31.     In that mortgage statement, SPS charged and sought to collect $2,978.60 in charges/fees for the period of time covered by the statement when it lacked any basis to charge PAULA HAMAOUI these amounts.

32.     In that mortgage statement, SPS sought to collect a $9.91 fee for a loss mitigation decision, $80 in foreclosure costs, and $4,135.48 for distibuted funds, none of which PAULA HAMAOUI is liable for.

33.     In that mortgage statement, SPS sought to collect $81,797.10 in past due payments that PAULA HAMAOUI does not owe.

34.     Further, in that mortgage statement, SPS alleged that PAULA HAMAOUI had missed the following monthly payments in the following amounts when there were no payments due on these dates.

```
As of December 15, 2020, you are 3,923 days delinquent on
your mortgage loan.
* Payment due 11/2020: Unpaid payment of $970.59.
* Payment due 10/2020: Unpaid payment of $1,002.80.
* Payment due 09/2020: Unpaid payment of $1,013.54.
* Payment due 08/2020: Unpaid payment of $981.32.
* Payment due 07/2020: Unpaid payment of $1,035.01.
* Payment due 06/2020: Unpaid payment of $970.59.
```

35.     Further, SPS threatened to charge PAULA HAMAOUI a late fee in the amount of $16.64 if she did not pay by January 4, 2021 when there was payment due and no right to charge

a late fee.

36. On or about January 4, 2021, SPS again sent PAULA HAMAOUI another mortgage stateent wherein SPS sought to collect a debt not due and owing,  A copy of that mortgage statement is attached hereto as Exhibit "E".

37. In that mortgage statement, SPS made a number of false statements, including that PAULA HAMAOUI had a regular monthly payment due, that PAULA HAMAOUI had a past due amount, and that a late fee would be charged to PAULA HAMAOUI if she did not pay by February 4, 2021.

## COUNT I-VIOLATION OF FDCPA: 15 USC 1692e

38. Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 through 37.

39. 15 U.S.C. §1692e states in part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (2) The false representation of—
> (A) the character, amount, or legal status of any debt; or
> (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
> …
> (10) The use of any false representation or deceptive means to collect
> or attempt to collect any debt or to obtain information concerning a
> consumer.

15 U.S.C. § 1692e

40. The amounts that SPS sought to collect in Exhibit "C", Exhibit "D", and Exhibit "E" are a false representation of the character, amount, and legal status of the debt, in that PAULA HAMAOUI is not indebted to anyone for these amounts.

41. Further, SPS used a false representation in an attempt to collect a debt that PAULA HAMAOUI does not owe.

42. Defendant, through its agents, representatives and/or employees acting within the scope of their authority violated 15 U.S.C. §1692e.

43. As a direct and proximate result of the violation of the FDCPA by Defendant, Plaintiff has been damaged.

44. PAULA HAMAOUI was relieved to know that this matter was behind her when she executed the settlement agreement attached as Exhibit "A".

45. However, that relief turned to stress, shock, anxiety, worry, and loss of time having to deal with SPS's FDCPA violation when SPS unlawfully attempted to collect a debt that PAULA HAMAOUI does not owe and making false represntations to the contrary.

46. Plaintiff has hired Loan Lawyers, LLC, to represent her in this action and has agreed to pay a reasonable attorney's fee.

47. As a result of the above violations of the FDCPA, pursuant to 15 U.S.C. §1692k, Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1000, together with reasonable attorney's fees and court costs.

## COUNT II-VIOLATION OF FDCPA: 15 USC 1692f

48. Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 through 37.

49. 15 U.S.C. §1692f states:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or

permitted by law.

15 U.S.C. § 1692f(1)

50. Charging interest, late fees, and other charges found in Exhibit "C", Exhibit "D", and Exhibit "E" is unconscionable and unfair in that the mortgage and note merged into the final judgment and this there is no agreement authorizing these charges.

51. Further, the one agreement that is in place is the agreement attached as Exhibit "A" wherein PAULA HAMAOUI does not owe any amount of deficiency.

52. Defendant, through its agents, representatives and/or employees acting within the scope of their authority violated 15 U.S.C. §1692f.

53. As a direct and proximate result of the violation of the FDCPA by Defendant, Plaintiff has been damaged.

54. PAULA HAMAOUI was relieved to know that this matter was behind her when she executed the settlement agreement attached as Exhibit "A".

55. However, that relief turned to stress, shock, anxiety, worry, and loss of time having to deal with SPS's FDCPA violation when SPS unlawfully attempted to collect a debt that PAULA HAMAOUI does not owe by using unfair and unconscionable means.

56. Plaintiff has hired Loan Lawyers, LLC, to represent her in this action and has agreed to pay a reasonable attorney's fee.

57. As a result of the above violations of the FDCPA, pursuant to 15 U.S.C. §1692k, Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1000, together with reasonable attorney's fees and court costs.

### COUNT III-VIOLATION OF FCCPA, FLORIDA STATUTES §559.72(9)

58. Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 through 37.

59. Florida Statutes § 559.72(9) states:

> "In collecting debts, no person shall…
> (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.

Florida Statutes § 559.72(9).

60. SPS has knowledge that the debt does not exist in that it is charged with the knowledge of documents in its file, of which Exhibit "A" is part.

61. By knowingly attempting to collect a debt that PAULA HAMAOUI does not owe, and by charging interests, fees and charges, and threatening to charge late fees SPS has claimed, attempted, or threatened to enforce a debt when SPS knew that debt was not legitimate.

62. Defendant, through its agents, representatives and/or employees acting within the scope of their authority knowingly violated Florida Statutes §559.72(9).

63. PAULA HAMAOUI was relieved to know that this matter was behind her when she executed the settlement agreement attached as Exhibit "A".

64. However, that relief turned to stress, shock, anxiety, worry, and loss of time having to deal with SPS's FCCPA violation when SPS unlawfully attempted to collect a debt that PAULA HAMAOUI does not owe.

65. Plaintiff has hired Loan Lawyers, LLC, to represent her in this action and has agreed to pay a reasonable attorney's fee.

66. As a result of the above violations of the FCCPA, pursuant to Florida Statute §559.77(2), Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1000 per violation, together with reasonable attorney's fees and court costs.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, PAULA HAMAOUI, respectfully asks this Court to enter an order granting judgment for the following:

(a) For actual damages, statutory damages, costs, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k, and Florida Statutes § 559.77(2); and

(b) Such other relief to which this Honorable Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, PAULA HAMAOUI, hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

/s/ *Matthew D. Bavaro*
Matthew D. Bavaro, Esquire
Florida Bar No.: 175821
E-mail: matthew@fight13.com
LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
3201 Griffin Road #100
Fort Lauderdale, FL  33312
Telephone:    (954) 523-4357
Facsimile:    (954) 581-2786